ings be circumscribed such that the State may not reimpose the death sentence.

No. 89–7387. DOUGHTY ET AL. *v.* BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF WELD ET AL. C. A. 10th Cir. Certiorari before judgment denied.

No. 89–81. WILSON ET AL. *v.* LANE, DIRECTOR, ILLINOIS DEPARTMENT OF CORRECTIONS, 495 U. S. 923;

No. 89–1465. KOZAK *v.* UNITED STATES DEPARTMENT OF AGRICULTURE, 495 U. S. 905;

No. 89–6914. MEYERS *v.* INDIANA, 495 U. S. 921;

No. 89–6954. MAGWOOD *v.* ALABAMA, 495 U. S. 923; and

No. 89–7028. FRYHOVER *v.* UNITED STATES, 495 U. S. 922. Petitions for rehearing denied.

## JUNE 26, 1990

No. A–917 (89–7838). HAMILTON, AS NATURAL MOTHER AND NEXT FRIEND TO SMITH *v.* TEXAS. Ct. Crim. App. Tex.; and

No. A–921 (89–7842). HAMILTON, AS NATURAL MOTHER AND NEXT FRIEND TO SMITH *v.* COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. C. A. 5th Cir. Applications for stay of execution of sentence of death, presented to JUSTICE WHITE, and by him referred to the Court, denied. JUSTICE BLACKMUN and JUSTICE STEVENS dissent and would grant the applications.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Tonight, for the second time within a month, see *Demosthenes v. Baal*, 495 U. S. 731 (1990), this Court permits a State to execute a prisoner who has waived further appeals on his behalf when serious doubts remain concerning his mental competence. I believe that we shirk our responsibility if we do not articulate standards by which the adequacy of procedures in state competency hearings may be judged. I would grant the petitions for certiorari and the corresponding applications for stay of execution. Indeed, four Members of this Court have voted to grant certiorari in this case, but because a stay cannot be entered without five votes,